UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 1:23-cr-00030 (CRC) |
| | ) | |
| v. | ) | The Honorable Christopher R. Cooper |
| | ) | |
| **LYNDA BENNETT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Voters are entitled to know how much money candidates for federal office are raising and from where the money is coming. Federal campaign finance laws serve this purpose by protecting transparency in political fundraising and spending. When candidates violate these laws, they thwart the voting public's ability to make informed decisions at the ballot box.

That is what happened here. Defendant Lynda Bennett violated the provision of the Federal Election Campaign Act (FECA) that ensures the disclosure of true donors. For this, she now carries the burden of a federal felony conviction. But for several reasons, discussed below, the United States believes that a term of probation sufficiently serves the interests of justice in this case. The United States, by and through its undersigned attorneys, respectfully submits this sentencing memorandum, and for the reasons discussed herein, joins with the defense in recommending a Sentencing Guidelines-compliant sentence of probation.

1

I. **Background**

On March 8, 2023, Defendant Bennett entered a guilty plea to one count of accepting a contribution in the name of another, in violation of 52 U.S.C. §§ 30122 and 30109(d)(1)(D)(i) and (d)(1)(A)(i).

As detailed in the Information and Presentence Report, Bennett ran as a primary election candidate to represent North Carolina's 11th Congressional District in the United States House of Representatives. FECA limits the size of contributions that candidates for federal office can accept from individual donors. In the 2019-2020 election cycle, FECA capped that amount to $2,800 per primary and general election, an annual total of $5,600.

In late 2019, Bennett intentionally exceeded that limit. In need of money for her primary election, she asked a relative for a $25,000 loan, but mindful of her legal obligations, she hid its source. After depositing the money into a personal bank account, she then caused an $80,000 transfer from her personal bank account into the bank account of her authorized federal campaign committee, Lynda Bennett for Congress ("LBC"). But in her quarterly filing with the Federal Election Commission (a "Form 3"), she reported the $80,000 as loan to LBC using "Personal Funds of the Candidate." She did not disclose that $25,000 of that loan came from another individual whose contribution limit for the primary election was $2,800.[1]

II. **Guidelines Calculations**

The Defendant's Guidelines calculations set forth in the Presentence Investigation Report Dkt. 14, to which the Government agrees, are as follows:

| | |
|---|---|
| Base Offense Level | 8 (§ 2C1.8) |
| Value of the Illegal Transaction: <$40,000 | +4 (§ 2C1.8(b)(1); 2B1.1(b)(1)(C)) |

---

[1] The relative was unaware that the $25,000 loan would be used for this purpose.

| | |
|---|---|
| Acceptance of Responsibility | -2 |
| **Total Offense Level:** | **10** |
| Criminal History Category I | 0 points |
| Guidelines Sentencing Range | 6-12 months |

### III.     Legal Principles

Section 3553(a) of Title l8 of the United States Code governs sentencing in federal criminal cases and provides that the Court shall consider, in relevant part: "the offense . . . the history and characteristics of the defendant. . . respect for the law. . . just punishment . . . adequate deterrence . . . the sentencing range ,. . and the need to avoid unwarranted sentencing disparities," all in imposing a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

When determining the appropriate sentence, a court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>> (i) issued by the Sentencing Commission ...; and
>> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
>> (A) issued by the Sentencing Commission ... and
>> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

## IV. **Sentencing Recommendation**

The Government recommends a sentence of probation with no form of confinement. With respect to Bennett's history and individual characteristics, the evidence makes clear that the illegal conduct that brings Bennett before the Court was an aberration in what was otherwise a consistent history of being a law-abiding citizen. The Government believes that there is little chance of future illegal conduct.

With respect to the charged offense, campaign finance laws serve the important purpose of transparency in elections, and their violations must be taken seriously. Bennett inflated her fundraising numbers at the end of a quarterly reporting period but concealed that thousands of those dollars breached a federal threshold for contributing individuals. At the same time, the source of the money was not nefarious, but rather a loving relative, and her campaign committee later returned the money.

A term of probation in this case is "sufficient, but not greater than necessary" to serve the § 3553(a) factors. Bennett has already suffered a federal conviction, which, as the Presentence Report notes, resulted in serious collateral consequences. [Dkt. No. 14, para. 138.] This serves as adequate deterrence specifically, should Bennett ever seek elected office again, and generally, to future political candidates, who are once again served notice that the Government will criminally prosecute those who violate their campaign finance reporting obligations.

Additionally, there is little risk of any sentencing disparities. Convictions for violations of FECA often involve more serious concealment, with higher dollar amounts, than the concealment and dollar amount here. Because Bennett has a Total Offense Level of ten, a Criminal History Category of I and falls within Zone B, a term of probation is authorized under United States Sentencing Commission's guidance. U.S.S.G. §5B1.1(a)(2).

Finally, while any violations of campaign finance law must be taken seriously, the Government notes for the Court that, ultimately, LBC did make and report[2] a loan repayment of $25,000 in February 2020. Therefore, any voters paying attention to fundraising numbers would have understood that the campaign was not as heavily funded as it looked in December 2019, when Bennett engaged in the offense conduct.

Considering all of the sentencing factors, the Government joins with the Defendant in recommending a probationary sentence.

---

[2] The report said the repayment of the loan was made to Bennett, not her relative.

**V.      Conclusion**

Based on the applicable Guidelines and a consideration of the sentencing factors provided in 18 U.S.C. § 3553(a), the Government recommends that the Defendant be sentenced to probation.

| | |
|---|---|
| MATTHEW M. GRAVES<br>United States Attorney | COREY AMUNDSON<br>Chief, Public Integrity Section |
| //S// Joshua S. Rothstein<br>Joshua S. Rothstein<br>Assistant United States Attorney<br>N.Y. Bar Number 4453759<br>601 D Street, N.W.<br>Washington, D.C. 20539<br>Office: 202-252-7164<br>Joshua.Rothstein@usdoj.gov | //S// Ryan R. Crosswell<br>Ryan R. Crosswell<br>Trial Attorney<br>N.C. Bar # 36700<br>1301 New York Ave. NW<br>Washington, D.C. 20005<br>Office: 202-616-5699<br>Ryan.R.Crosswell@usdoj.gov |