UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:23cr00030-001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **DEFENDANT LYNDA BENNETT'S** |
| | ) | **SENTENCING MEMORANDUM** |
| LYNDA BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Lynda Bennett, through counsel and pursuant to 18 U.S.C. § 3553(a), respectfully submits this sentencing memorandum.

In the plea agreement, "[t]he Government and the Defendant agree[d] to <u>jointly recommend</u> a sentence of probation and that the conditions of probation not include any form of confinement." D.E. 8 at ¶ 5. The parties recognized that their recommendation would constitute a variance from the Estimated Guideline Range of 6 to 12 months, *see id.* ¶ 4(C), and the Presentence Investigation Report reflects the parties' agreement. Accordingly, and for the reasons that follow, Mrs. Bennett respectfully suggests that a sentence of probation would be sufficient but not greater than necessary to serve the purposes of sentencing.

1

# ARGUMENT

I. **History and Characteristics of Mrs. Bennett**

Mrs. Bennett is a businesswoman, a loving family member, and a dedicated community member in her small mountain town of Maggie Valley, North Carolina. *See generally* Letters of Support (Exs. A-I). After growing up in Macon, Georgia, and Jacksonville, Florida, *see generally* K. Williams Ltr. (Ex. A), she earned her college degree from the University of New Hampshire. She moved to North Carolina in 1983.

In 1993, she married James "Pat" Bennett in Maggie Valley. Mr. Bennett had two young daughters, who quickly embraced and loved Mrs. Bennett. *See* P. Bennett Ltr. (Ex. B); R. Bennett Ltr. (Ex. C); S. Bennett Ltr. (Ex. D). Lynda and Pat have been together for nearly 30 years, and they are inseparable. *See* P. Bennett Ltr. (Ex. B).

Mrs. Bennett is also a caring daughter. Her mother is 91 years old, and no longer can walk or speak clearly due to a stroke. Mrs. Bennett is her mother's primary caregiver—her interpreter, driver, and delivery person for food. *See* C. Carter Ltr. (Ex. E); K. Williams Ltr. (Ex. A); Huff Ltr. (Ex. F). Mrs. Bennett has also has cared for her mother-in-law, and she helped her sister and her sister's husband when the latter was diagnosed with cancer and until his death in 2020. *See* K. Williams Ltr. (Ex. A).

In addition to her commitment to her family, Mrs. Bennett is very active in her church community. *See* J. Swanger Ltr. (Ex. G). Through her church, she has volunteered in nursing homes, back-to-school projects, and clothing drives. *See* Huff Ltr. (Ex. F).

Alongside all her family and community responsibilities, Mrs. Bennett has enjoyed a successful, 37-year career as a realtor. This case has significantly affected her

professionally, but she continues to be her family's main breadwinner. *See* P. Bennett Ltr. (Ex. B). She is an "integral" part of the real estate business ventures she has cultivated with her husband and others, who continue to depend on her economically. *See* W. Piper Ltr. (Ex. H). She also has been a professional mentor to colleagues. *See* Mallette Ltr. (Ex. I). She is particularly valued for working well with older adults—some in cognitive decline—who need the best advocate they can find (to spend extra time and care with them) as they secure homes with their life investments, often without the assistance of in-state family members. *See* P. Bennett Ltr. (Ex. B).

Mrs. Bennett is before this Court because of a bad choice, and she regrets it deeply. But the life she has lived both before and since that choice is the life of an exemplary citizen—a trusted professional, a pillar of her community, and a caring, devoted family member.

## II.    Nature and Circumstances of the Offense

The laws protecting the integrity of elections are important. Mrs. Bennett violated the law, and she has fully accepted responsibility. The choice was hers, and it was wrong.

Mrs. Bennett's attorneys, though, are obliged to emphasize that this is not a case in which the offense threatened to compromise her integrity in office if she had been elected. She accepted a loan from a close family member, not an improper contribution from a corporation, a foreign government, or someone who might have been seeking to influence her votes in Congress. And she accepted that loan because, unlike many candidates who are able to seed their campaigns by loaning their own funds, Mrs. Bennett is not wealthy. Candidates are permitted to loan personal funds to their own campaigns

3

without limitation, and many do, but Mrs. Bennett's financial resources were limited. She borrowed from a family member simply to try to get her first-ever political campaign off the ground.

Mrs. Bennett had been active in local politics, but she had never run for office before she was encouraged to run for Congress. She was a novice at campaigning and fundraising for herself. She accepted a loan, and she used it in her campaign, but it was not from someone seeking to influence her in the House of Representatives, or even just wanting access. Her family member did not need access. That family member was only trying to help.

The loan Mrs. Bennett accepted was not for personal gain either. Long before this investigation arose, Mrs. paid her family member back quickly. She closed her campaign account in 2021, never intending to run for office again. Her effort to enter public service was a costly and brutal failure, which she regretted and does not intend to repeat.

### III.   Purposes of Sentencing

There is no need to deter Mrs. Bennett or protect society from further crimes. She is 65 years old. She had no criminal record before this case. She has complied with all release conditions, and she is determined to continue to live her life positively as a productive, contributing member of society. She made one foray into elected politics, she lost in the primary three years ago, and she moved on. The context in which this case arose will never recur.

General deterrence, just punishment, and respect for the law are purposes of every criminal prosecution, and in this case they already have been accomplished by the

prosecution itself. Mrs. Bennett is now a felon. For an aberrant decision in an otherwise honorable life, she has been publicly humiliated in both national media and her home community. In a case that arose because she lacked the financial resources to loan personal funds to her campaign, she is suffering the economic consequences of legal expenses and reputational harm to her real estate career.

A prison sentence is unnecessary to serve the purposes of sentencing in this case. Accordingly, as the Government recognized in the plea agreement, probation is sufficient, and confinement would be inappropriate under Section 3553(a).

## **CONCLUSION**

For the foregoing reasons, Mrs. Bennett respectfully requests that the Court accept and ratify the parties' agreement. The nature and circumstances of this case, and the history and characteristics of Mrs. Bennett, warrant a sentence of probation without a condition of confinement.

This the 13th day of June, 2023.

                                                Respectfully Submitted,

                                                /s/Shana L. Fulton
                                                **Shana L. Fulton**
                                                Email: sfulton@brookspierce.com
                                                DC Bar No. 477642

                                                **Kearns Davis**
                                                Email: kdavis@brookspierce.com
                                                *Admitted Pro Hac Vice*

                                                **BROOKS, PIERCE, MCLENDON, HUMPHREY**
                                                **& LEONARD, L.L.P.**
                                                230 N. Elm Street
                                                2000 Renaissance Plaza
                                                Greensboro, NC 27401
                                                Tel: (919) 882-2522 (Fulton)
                                                Tel: (336) 271-3174 (Davis)

                                                *Attorneys for Defendant Lynda Bennett*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:23cr00030-001

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LYNDA BENNETT, )<br>)<br>Defendant. )<br>) | **CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing document was served on the following parties via CM/ECF:

Joshua Rothstein
United States Attorney
U.S. Attorney's Office for the District of Columbia

Ryan R. Crosswell
Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section

Respectfully submitted, this the 13th day of June, 2023.

/s/Shana L. Fulton
**Shana L. Fulton**
Attorney for Defendant

7